```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


                                  )
UNITED STATES OF AMERICA          )
                                  )
            v.                    )  CRIMINAL NO. 03-10256-PBS
                                  )
GINO IOVANNONE,                   )
        Defendant.                )
                                  )
```

**ORDER**

November 17, 2009

Saris, U.S.D.J.

Defendant Gino Iovannone, charged with a fraudulent telemarketing scheme, has moved to withdraw his guilty plea on the basis of actual innocence.  Fed. R. Crim. P. 11(d) provides that: "A defendant may withdraw a plea of guilty or nolo contendere . . . (2) after the court accepts the plea, but before it imposes sentence if . . . (B) the defendant can show a fair and just reason for requesting the withdrawal."

The First Circuit recently enumerated the factors that the District Court must weigh in assessing whether the defendant can show a "fair and just reason."  These include "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed."  United States v. Isom, 580 F.3d 43, 51 (1st Cir. 2009).  The "most important factors" are the "core

concerns of Rule 11" - whether the plea was voluntary, knowing, and intelligent.  Id.

With these factors in mind, I turn to the motion to withdraw the plea.  The letter to the Court was sent within 10 days of the plea colloquy, so the request to withdraw is timely.  There is no prejudice to the government.  During the plea colloquy, Defendant's body language indicated that he was a reluctant pleader (Tr. 24).  He did not agree with the government's charge that he participated in one overt act on February 25, 2003 (Tr. 26).  He did agree, however, that he had a low role in the conspiracy, had knowledge of it, and he committed a charged overt act on April 7.  He now states that the victim of that overt act was in the United Kingdom.[1]  He also acknowledged that his role involved the Gaming Commission, as alleged by the government, but the colloquy is unclear as to what he agreed he did with respect to the Commission.

As the reason for his change of heart, he claims he had only "three minutes" to decide whether to plead guilty before the plea colloquy and that subsequent talks with his family in Canada persuaded him that he made a mistake.  Six days after his plea, his ex-wife wrote a letter to the Court attaching statements (often difficult to understand) from two of Iovannone's co-

---

[1] Neither party briefed whether the Court has jurisdiction over defendant if he engaged in a conspiracy targeted at the United States and the United Kingdom, but did not engage in any overt acts which have effects in the United States.

defendants attempting to exonerate Iovannone.  These letters appear to assert that the real culprit was Defendant's former girlfriend.  Defendant's own letter vacillates between professions of concern about the likely sentence and his contention the charges are not valid.

Ultimately, what makes the request to withdraw the plea on grounds of innocence and lack of voluntariness persuasive is that Defendant understands that with a guilty plea he is likely to be released under the proposed guideline range before a rescheduled trial begins.  The low end of the likely advisory guidelines range is twenty-four months and he has already served most of that time.  In other words, he is willing to spend additional time in jail to go to trial.  Accordingly, when the factors are weighed, I find there is a fair and just reason for allowing Defendant to withdraw his plea.

## ORDER

Defendant's motion to withdraw his plea is **ALLOWED**.

                                        **S/PATTI B. SARIS**
                                        United States District Judge